# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Clayton M.,**
**Petitioner Below, Petitioner**

**vs.) No. 19-0782** (Webster County 18-P-14)

**Charles Williams, Superintendent,**
**Huttonsville Correctional Center,**
**Respondent Below, Respondent**

**FILED**

**February 24, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

On January 9, 2020, this Court issued a rule to show cause in contempt against Dennis J. Willett, court-appointed counsel for the petitioner Clayton M., for failure to perfect the appeal in accordance with Rule 5 of the Rules of Appellate Procedure. Mr. Willett was ordered to appear before this Court on January 28, 2020, and show cause, if any he could, why he should not be held in contempt, unless the matter was sooner rendered moot with the perfecting of the appeal. Mr. Willet neither appeared before this Court nor perfected the appeal. Based on Mr. Willett's failure to comply with court orders and the Rules of Appellate Procedure, this Court holds Mr. Willett in contempt and imposes the following sanctions: Mr. Willett is removed as counsel in this matter; he is denied eligibility for further court-appointed cases until the Office of Disciplinary Counsel concludes an investigation and any resulting disciplinary action, or until further order of this Court; and he is removed from his appointment to the District 12 District Character Committee.

On September 4, 2019, Mr. Willett filed a notice of appeal for the petitioner from an order of the Circuit Court of Webster County denying his petition for writ of post-conviction habeas corpus relief. On September 10, 2019, the Court entered a scheduling order directing the petitioner's counsel to perfect the appeal by December 6, 2019. The appeal was not perfected by that date.

On December 9, 2019, this Court issued a notice of intent to sanction informing Mr. Willett that he would be subject to sanctions if he failed to perfect the appeal within ten days of the notice. Mr. Willett did not perfect the appeal in that time period.

Accordingly, on January 9, 2020, a rule to show cause in contempt was issued against Mr. Willett for failure to perfect the appeal and otherwise comply with orders of this Court. The Court directed Mr. Willett to appear before it at ten o'clock a.m. on Tuesday, January 28, 2020, and show cause, if any, as to why he should not be held in contempt. The Court also informed Mr. Willett that he could render the contempt action moot by perfecting the appeal at any time prior to ten

1

o'clock a.m. on Tuesday, January 28, 2020. Additionally, the Court directed that Mr. Willett be referred to the Office of Disciplinary Counsel for failing to perfect the appeal and for failing to respond to orders of the Court.[1]

The January 9, 2020, rule to show cause was sent to Mr. Willett by certified mail. On January 27, 2020, the Court received the certified mail return receipt apparently signed by Mr. Willett on January 23, 2020, indicating that he received the rule to show cause on that date.

On January 24, 2020, one day after receiving the rule to show cause by certified mail, Mr. Willet filed a motion to continue the January 28, 2020, proceedings. As grounds for his continuance, Mr. Willett stated that he unexpectedly left the State of West Virginia to tend to his parents in the State of Florida. Mr. Willett did not include in his motion the date when he unexpectedly left the State or any time period for when he may return. The Court refused the motion to continue.

Mr. Willet did not render the rule to show cause moot nor did he appear before this Court at the date and time directed. To date, the appeal has not been perfected.

Having considered Mr. Willett's conduct, as set forth above, this Court finds him in contempt. Accordingly, this Court hereby orders that Mr. Willett be, and he hereby is, held in contempt for his willful violations of court orders and the Rules of Appellate Procedure. Mr. Willett is hereby denied eligibility for all court-appointed cases until the Office of Disciplinary Counsel's investigation into this matter and any resulting disciplinary action is fully concluded, or until further order of this Court. Additionally, Mr. Willett is hereby removed as counsel for the petitioner, Clayton M. This Court hereby appoints Crystal L. Walden, Esq., West Virginia Public Defender Services, as the petitioner's counsel. Mr. Willett is directed to immediately transfer his entire file in this matter to Ms. Walden. The Clerk of this Court is directed to provide notice of this sanction to the circuit court in each county where Mr. Willett routinely practices. Finally, Mr. Willett was previously appointed by this Court to serve on the District 12 District Character Committee under Rule 5.1 of the Rules of Admission to the Practice of Law. Mr. Willett is hereby removed from his appointment to the District 12 District Character Committee.

Sanctions imposed.

---

[1] By referring this matter to the Office of Disciplinary counsel, we express no opinion regarding the initiation of a disciplinary proceeding. We likewise express no opinion regarding the resolution of any such proceeding that may be initiated.

**ISSUED:** February 24, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison